United States District Court
District of Massachusetts

| | |
|---|---|
| **Carla Sheffield,** ) <br> ) <br>     **Plaintiff,** ) <br> ) <br>     v. ) <br> ) <br> **City of Boston et al.,** ) <br> ) <br>     **Defendants.** ) <br> ) | Civil Action No. <br> 15-14174-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Carla Sheffield ("plaintiff") brought this action after an officer-involved shooting of her son Burrell Ramsey-White ("decedent"), against defendants City of Boston, Matthew Pieroway, Joel Resil (collectively, "defendants") and Michael Moes 1-10 and Mary Moes 1-10, unknown defendants in the Boston Police Department ("BPD"). Plaintiff is the decedent's mother and the personal representative of his estate.

Defendants filed a motion to strike paragraphs 28 through 60 in plaintiff's amended complaint. For the following reasons, defendants' motion to strike will be allowed, in part, and denied, in part.

**I.  Factual and Procedural Background**

On August 21, 2012, Burrell Ramsey-White was killed in an officer-involved shooting. Officers Pieroway and Resil pursued

-1-

Ramsey-White after he fled from them during a traffic stop. The pursuit concluded when Ramsey-White attempted to enter a locked building but could not get inside. At some point after Ramsey-White attempted to enter the building, Officer Pieroway discharged his firearm which resulted in Ramsey-White's death.

Plaintiff originally brought this action in Massachusetts state court and in December, 2015, defendants removed the case to federal court. Plaintiff filed an amended complaint in April, 2016, after defendants filed motions to dismiss. Now pending before this Court is defendants' joint motion to strike paragraphs 28 through 60 of plaintiff's amended complaint.

In the subject paragraphs, plaintiff describes 1) various court opinions and statutes, 2) studies conducted by the BPD, the American Civil Liberties Union and other organizations and 3) newspaper articles. Plaintiff maintains that those paragraphs support her claims against defendants.

## II. Defendants' Motion to Strike

Under Rule 12(f) Defendants move to strike paragraphs 28 through 60 in plaintiff's amended complaint on the grounds that the paragraphs contain factual allegations and evidence that are inadmissible, immaterial and extremely prejudicial to defendants.

In her opposition to defendants' motion to strike, plaintiff attempts to convert the motion into a Rule 12(b)(6)

motion to dismiss.  Although defendants mention the potential legal insufficiency of plaintiff's complaint, the crux of their objection is to the immateriality of the allegations in paragraphs 28 through 60.  Accordingly, the Court will construe defendants' pleading as a motion to strike under Rule 12(f).  See Guzman v. Concavage Marine Constr. Inc., Docket No. 14-cv-8587, 2016 WL 1273285, at *3-4 (S.D.N.Y. Mar. 31, 2016) (construing defendant's motion as a motion to strike although defendant maintained that the subject portion of plaintiff's complaint was legally insufficient).

    **A.  Legal Standard for a Motion to Strike**

The Court has broad discretion to strike comments which are not "substantive elements of the cause of action." Alvarado-Morales v. Digital Equip. Corp., 843 F.2d 613, 618 (1st Cir. 1988).  Such motions are, however, "narrow in scope, disfavored in practice, and not calculated readily to invoke the court's discretion." Boreri v. Fiat, S.p.A., 763 F.2d 17, 23 (1st Cir. 1985).  Rule 12(f) motions are not typically granted without a showing of prejudice to the moving party. See 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1382 at 421-22 (3d ed. 2016).

**B.   Application**

    **1.   The Assertion of Defendants that Paragraphs 28 through 60 Are Inadmissible and Are Legal Conclusions**

Defendants first contend that paragraphs 28 through 60 should be stricken because they contain "legal conclusions and inadmissible reports." That argument is unavailing, however, because inadmissibility is insufficient to support a Rule 12(f) motion. See Gallagher v. Funeral Source One Supply & Equip. Co., Docket No. 14-cv-115, 2015 WL 773737, at *3 n.2 (D.N.H. Feb. 24, 2015) (noting that a majority of district courts will not strike allegations solely on the basis of inadmissibility). Furthermore, the fact that the allegations could be construed as legal conclusions is not grounds for striking the pleadings under Rule 12(f). See Quatela v. Stryker Corp., 820 F. Supp. 2d 1045, 1050 (N.D. Cal. 2010).

    **2.   Paragraphs 28 through 33:  Court Opinions and Statutes**

Plaintiff avers that the court opinions and statutes quoted and described in paragraphs 28 through 33 1) allege the state of the law before and at the time of the decedent's death and 2) are relevant to defendant's alleged deliberate indifference and to potential qualified immunity defenses.

The Court agrees. The legal opinions and statutes are sufficiently related to plaintiff's claims and therefore will

survive a motion to strike. See Berke v. Presstek, Inc., 188 F.R.D. 179, 180-81 (D.N.H. 1998) (finding SEC consent decrees sufficiently related to plaintiff's complaint to survive a motion to strike). Also, defendants have not shown they would be prejudiced by the citations to court opinions and statutes. See James v. Agnew, Docket No. 15-cv-409, 2016 WL 5662073, at *3 (S.D. Cal. Oct. 3, 2016) (declining to strike plaintiff's case citations and legal arguments in a complaint for excessive force). Because a motion to strike is disfavored, the Court will deny defendants' motion to strike paragraphs 28 through 33.

### 3. Paragraphs 34 through 35: The Northeastern and NBER Studies

Paragraphs 34 and 35 describe two studies, one conducted by Northeastern University and the other by the National Bureau of Economic Research ("NBER"). Plaintiff cites the studies for the alleged proposition that the BPD has engaged in racial profiling. Although defendants do not specifically address those paragraphs in their motion to strike, they seek their deletion (as well as the other subject paragraphs), on grounds that the subject allegations are not related to this case.

The Northeastern study was conducted pursuant to the Massachusetts statute described in paragraphs 32 and 33. Because the Court will not strike those paragraphs, it will not strike paragraph 34 in its entirety. The Court will strike the

appended citation to the NBER study in paragraph 34, however, and will strike paragraph 35 which describes the NBER study.

Even without a showing of prejudice, courts have stricken "repetitious and unnecessary pleadings" to remove "clutter" from the case. Zurich Am. Ins. Co. v. Watts Regulator Co., 796 F. Supp. 2d 240, 246 (D. Mass. 2011) (first quoting In re Feeley, 393 B.R. 43, 51 (Bankr. D. Mass. 2008) and then quoting Heller Fin., Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989)).

The references to the NBER are redundant and cited for the same alleged proposition of racial profiling.  They are therefore "repetitious and unnecessary."  Thus, the Court will strike the citation to the NBER study in paragraph 34 and paragraph 35 in its entirety.

### 4.   Paragraphs 36 through 52:  The BPD Report

In paragraphs 36 through 52, plaintiff provides data and conclusions from a report published by the BPD on its own policing practices.  Defendants seek to strike those paragraphs on grounds that 1) the allegations do not support any of plaintiff's claims and 2) the report was a result of a proactive attempt by the BPD to analyze and reform its policies and practices.  Plaintiff responds that the allegations are relevant to its Monell claims.

Although that portion of the complaint concerns conduct of individuals other than the defendant, the paragraphs describe the BPD's policing practices. See Heldt v. Tata Consultancy Servs., Ltd., 132 F. Supp. 3d 1185, 1193 N.D. Cal. 2015) ("[S]tatistical data may be relevant to describe, at a minimum, the defendant's practices."). Such policing practices described in the subject paragraphs are relevant to plaintiff's Monell claims against defendants. Ramirez v. City of Worcester, 80 F. Supp. 3d 287, 287 (D. Mass. 2015). Although paragraphs 36 through 52 are perhaps circuitous, plaintiff's decision to include them is not a "gross violation" of the pleading requirements in Rule 8. Hayes v. McGee, Docket No. 10-cv-40095, 2011 WL 39341, at *2 (D. Mass. Jan. 6, 2011) (quoting Newman v. Massachusetts, 115 F.R.D. 341, 343-44 (D. Mass. 1987)).

Accordingly, defendants' motion to strike with respect to paragraphs 36-52 will be denied.

### 5. Paragraphs 53 through 59: The ACLU Report and the Boston Globe Article

Paragraphs 53 through 58 are comprised of quotes from a report published by the American Civil Liberties Union of Massachusetts ("ACLU") with respect to the BPD's policing practices. Defendants contend that those paragraphs are irrelevant to plaintiff's case and should be stricken.

Plaintiff responds that the report is relevant to establishing its Monell claims by showing a custom of racial discrimination.

The Court will allow defendants' motion to strike with respect to paragraphs 53 through 58 because they are redundant. As plaintiff explains in paragraph 53, the ACLU arrived at its conclusions by analyzing "the same data" that was relied upon by the BPD in its report.  As a result, the allegations with respect to the ACLU report are irrelevant.

Moreover, the ACLU's conclusions in paragraphs 53 through 58 amount to "superfluous descriptions" of defendants.[1] See Alvarado-Morales, 843 F.2d at 618.

The Court will also strike paragraph 59 because it involves allegations beyond the scope of plaintiff's claim.  In paragraph 59, plaintiff describes an article from the Boston Globe referencing BPD data on interrogations, observations, frisks and searches of civilians between 2011 and 2015.  Although the conduct at issue in this case took place during that time frame, the Globe article attempts to explain BPD conduct, much of which is unrelated to plaintiff's claims.  Paragraph 59 thus "clutters" plaintiff's complaint and defendants' motion to strike with respect to paragraph 59 will be allowed.

---

[1] For example, in paragraph 56, plaintiff quotes the ALCU's opinion that the BPD's practices "were arguably even more racially skewed" than those practices of the New York City Police Department.

## 6. Paragraph 60: Allegations of Discrimination Against BPD Officers and Recruits

In paragraph 60, plaintiff cites two court cases purportedly finding that the BPD discriminated against its own officers and recruits in promotions and disciplinary actions. Those allegations are not related to the causes of action in this case, however, which involve alleged violations of a private citizen's rights.  Consequently, the Court will allow defendant's motion to strike with respect to paragraph 60. See Donahue v. Warner Bros. Pictures, 194 F.2d 6, 14 (10th Cir. 1952) (affirming district court's decision to strike a portion of plaintiff's amended complaint which was unrelated to plaintiff's cause of action).

**ORDER**

For the forgoing reasons, defendants' motion to strike (Docket No. 32) is:

1)  with respect to paragraphs 28 through 33 of plaintiff's amended complaint (Docket No. 26), **DENIED**;

2)  with respect to the Northeastern study in paragraph 34 of plaintiff's amended complaint (Docket No. 26), **DENIED**, but, with respect to the citation to the National Bureau of Economic Research study in paragraph 34, **ALLOWED;**

3)  with respect to paragraph 35 of plaintiff's amended complaint (Docket No. 26), **ALLOWED**;

4)  with respect to paragraphs 36 through 52 of plaintiff's amended complaint (Docket No. 26), **DENIED**;

5)  with respect to paragraphs 53 through 60 of plaintiff's amended complaint (Docket No. 26), **ALLOWED**;

Defendants shall file any supplemental responsive pleadings deemed necessary on or before Monday, November 14, 2016.

**So ordered.**

/s/ Nathaniel M. Gorton\_\_\_\_\_
Nathaniel M. Gorton
United States District Judge

Dated October 28, 2016